IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | | |
|---|---|---|
| EMMITT RILEY, | * | |
| ADC #171270, | * | |
| | * | |
| Petitioner, | * | |
| v. | * | No. 4:21-cv-00630-JJV |
| | * | |
| DEXTER PAYNE, Director, | * | |
| Arkansas Division of Correction, | * | |
| | * | |
| Respondent. | * | |

**MEMORANDUM AND ORDER**

**I.  INTRODUCTION AND FACTUAL BACKGROUND**

Petitioner Emmitt Riley, an inmate at the Cummins Unit of the Arkansas Division of Correction, brings this 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus *pro se*.  (Doc. No. 1.)  On September 13, 2018, Mr. Riley was convicted by a jury in Drew County, Arkansas, of First-Degree Murder and Tampering with Physical Evidence.  (Doc. No. 9-2 at 287-88).  Mr. Riley was sentenced to life in prison.  (Doc. No. 9-6).  The Arkansas Supreme Court later described the evidence in the case as follows:

> The evidence at trial established that [Emmitt] Riley and Josh Martin had a verbal altercation that escalated into a physical fight.   The fight continued for an extended period, stopped, and resumed.   Both parties were alleged to have displayed knives. During the course of the fight, Martin broke Riley's ankle.  After the parties separated a second time, Riley drew a pistol and shot Martin, killing him.   Riley asserted that he shot in self-defense.
>
> There was additional testimony from eye-witnesses.   When the fight was broken up the final time, Martin's friend Anthony Thomas pulled Martin away from Riley. At that point, Riley told Martin either "I got something for you" or "I know what to do for a n****r like you," and he shot Martin.  Based on witness statements and blood evidence, the police determined that Riley was at least nine feet away from Martin when he shot him.

*Riley v. State*, 2021 Ark. 70, at 1-2, 620 S.W.3d 511, 513.

After the Defense rested, the trial court considered the parties' proposed jury instructions. (Doc. No. 9-2 at 232). Mr. Gibson, Mr. Riley's attorney, did not request an instruction on second-degree murder. (Doc. No. 9-2 at 234-36). When deciding to leave out the second-degree instruction, Mr. Gibson agreed with his opposing counsel that the record warranted either the murder or manslaughter instruction. (Doc. No. 9-2 at 234). Below is the discussion regarding the second-degree murder instruction found in the trial record:

> THE COURT: He didn't give one on second degree.
> MR. SPAIN [Prosecution]: I didn't give one on second degree.
> MR. GIBSON [Defense]: Oh. Oh. Oh.
> MR. SPAIN: I don't think our client –
> MR. GIBSON: Oh. I've got one. That threw me off.
> MR. SPAIN: I didn't do second degree because I didn't think it applied because either he purposely caused his death or he, in my opinion, he either recklessly formed a self-defense intent and used more force that was necessary which makes it then --
> THE COURT: Manslaughter.
> MR. SPAIN: -- Manslaughter.
> MR. GIBSON: I --
> THE COURT: You go along with that?
> MR. GIBSON: I'll go along with that.

(Doc. No. 9-2 at 234).

Mr. Riley appealed to the Supreme Court of Arkansas, and in compliance with Arkansas Supreme Court Rule 4-3(i)(2019), was appointed counsel. *Riley v. State*, 2019 Ark. 252, at 1; *Riley v. State*, 2020 Ark. 99, at 1. Mr. Riley's attorney submitted a no-merit brief stating "there are no meritorious grounds to support an appeal." *Riley*, 2020 Ark. 99, at 1. The Arkansas Supreme Court agreed and affirmed Mr. Riley's convictions and sentence stating, "there are no nonfrivolous issues that support an appeal in this case" in light of the introduction of Riley's detailed confession during the 911 call, eyewitness testimony, and his own testimony at trial. *Id.* at 4.

On April 9, 2020, Mr. Riley timely filed a Rule 37 petition *pro se* alleging his trial counsel was ineffective for failing to request a second-degree murder instruction. (Doc. No. 9-7). The Drew County Circuit Court denied Mr. Riley's petition without a hearing, citing the above quoted-trial record as trial strategy. (Doc. No. 9-8 at 2-3). The court concluded that "defense counsel's justification of self defense or alternatively imperfect self defense was the strategy that the defense made" and therefore was not "an error so serious that deprived him 'counsel' guaranteed by the Constitution." (Doc. No. 9-8 at 3). Further, the circuit court found Mr. Riley's other "conclusory" argument towards prejudice "did not show that the jury could have considered murder in the second degree." (*Id.*).

Mr. Riley, with counsel, timely appealed the denial of his Rule 37 petition. (Doc. No. 1 at 4; Doc. No. 9 at 14). Mr. Riley argued the circuit court erred in denying his petition because he was not given a hearing and the court failed to find his counsel was ineffective. *Riley*, 2021 Ark. 70, at 6-8, 620 S.W.3d at 515-16. On April 8, 2021, the Arkansas Supreme Court affirmed the denial of Mr. Riley's petition and thoroughly explained its reasoning behind its conclusion. *Id.* at 6-8, 620 S.W.3d at 515-16.

In his Petition for Writ of Habeas Corpus now before the Court, Mr. Riley raises the same ineffective assistance of counsel claim asserting he was denied his Sixth and Fourteenth Amendment rights when his counsel decided against requesting a second-degree murder instruction. (Doc. No. 1 at 5-6). Respondent contends Mr. Riley's claim fails to defeat the highly deferential standard given to the State court's reasonable ruling. (Doc. No. 9 at 16-18). On October 22, 2021, Mr. Riley filed "Petitioner's Traverse to Response to Order to Show Cause," further elaborating on his ineffective assistance of counsel claim. (Doc. No. 12). After careful consideration of the Petition, Response, and Traverse, I find the Petition must be dismissed with

prejudice.

## II.     ANALYSIS

### A.     Ineffective Assistance of Counsel

Mr. Riley has raised this exact argument in his Rule 37 petition and again, through his attorney, in his appeal of the petition's denial. (Doc. No. 9-7; Doc. No. 1 at 4). In the interests of finality and federalism, federal habeas courts, under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), are restricted to a "limited and deferential review of underlying state court decisions." *Sera v. Norris*, 400 F.3d 538, 542 (8th Cir. 2005); *Ryan v. Clarke*, 387 F.3d 785, 790 (8th Cir. 2004). Under this statute, federal review of underlying state court decisions is limited because federal courts may only grant habeas relief if the claim was adjudicated on the merits in the state court proceeding and the state court's decision:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d); *see also Rompilla v. Beard*, 545 U.S. 374, 380 (2005).

Under subsection (d)(1), a state court decision is "contrary to" federal law if the state court arrived "at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000); see also *Collier v. Norris*, 485 F.3d 415, 421 (8th Cir. 2007). A decision involves an unreasonable application of federal law when the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413. Under subsection (d)(2), a state court decision will

be based on an "unreasonable determination of the facts in light of the evidence presented . . . only if it is shown by clear and convincing evidence that the state court's presumptively correct factual findings do not enjoy support in the record." *Lomholt v. Iowa*, 327 F.3d 748, 752 (8th Cir. 2003). Mr. Riley has not shown the Arkansas Supreme Court's holding was contrary to, or involved an unreasonable application of, clearly established federal law, nor has he shown it was based on an unreasonable determination of the facts.

For a habeas petitioner to prevail on an ineffective assistance of counsel claim, the petitioner must demonstrate counsel's performance was deficient, resulting in errors so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment; and the deficient performance prejudiced the defense, depriving the defendant of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The deficient-performance component requires that a defendant show counsel's representation fell below an objective standard of reasonableness. *Id.* at 687-88. In conducting this review, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. at 689. Under the performance prong, the petitioner must be able to prove that his lawyer's performance was unreasonable and not valid trial strategy. *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986); *Thai v. Mapes*, 412 F.3d 970, 978-79 (8th Cir. 2005). Counsel's "strategic choices made after a thorough investigation are virtually unchallengeable" in a later habeas corpus action. *Strickland,* 466 U.S. at 689. To satisfy the prejudice prong, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Armstrong v. Kemna*, 590 F.3d 582, (8th Cir. 2010) (citations omitted). A reasonable probability is one sufficient to undermine confidence in the outcome. *Id*. Unless a defendant makes both showings, it cannot be said that the conviction resulted from a

breakdown in the adversary process that renders the result unreliable. *Strickland*, 446 U.S. at 687.

Mr. Riley's ineffective assistance of counsel claim was thoroughly addressed by both the Drew County Circuit Court and the Arkansas Supreme Court, both finding it meritless. (Doc. No. 9-8 at 3); *Riley*, 2021 Ark. 70, at 6-8, 620 S.W.3d at 515-16. When evaluating Mr. Riley's argument, the circuit court identified the error Mr. Riley complains of as "the strategy that the defense made." (Doc. No. 9-8 at 3). The Arkansas Supreme Court agreed, stating, "[o]n the whole record before us, it was clear that the defense strategy was always to make the jury find self-defense or imperfect self-defense" and included large portions of Defense's opening statement as "instructive." *Riley*, 2021 Ark. 70, at 6-7, 620 S.W.3d at 515-16. Both courts rejected Mr. Riley's "conclusory" argument claiming, "the evidence supported a second-degree murder" and therefore was "prejudice[d] because the jury found Riley guilty of murder in the first degree." (Doc. No. 9-8 at 3); *Riley*, 2021 Ark. 70, at 8, 620 S.W.3d at 516. Further, the Arkansas Supreme Court reasoned:

> Counsel is allowed great leeway in making strategic and tactical decisions, and those decisions are a matter of professional judgment. *Nickols v. State*, 2017 Ark. 129, at 3, 517 S.W.3d 404, 407. . . . Matters of trial strategy and tactics, even if arguable improvident, are not grounds for a finding of ineffective assistance of counsel. *Woods v. State*, 2019 Ark. 62, 567 S.W.3d 494.

*Riley*, 2021 Ark. 70, at 8-9, 620 S.W.3d at 516.

In his Petition,[1] Mr. Riley states:

> Second degree murder is a lesser-included offense of murder in the first degree, and in Arkansas it is a reversible error to refuse to give an instruction on a lesser-included offense when the instruction is supported by even the slightest evidence, and a trial court's decision to refuse to give an instruction on a lesser-included offense upon a defendant's request will be reversed unless there is no rational basis

---

[1] Mr. Riley also expounds on this argument in his Traverse, citing *Robinson v. State*, as support for reversal when a trial court refuses a requested lesser-included offense that has some evidence to support the instruction. (Doc. No. 12 at 8); 269 Ark. 90, 598 S.W.2d 421 (1980), *superseded by statute*, Ark. Code Ann. § 5-1-110 (2009).

6

for giving the instruction.

(Doc. No. 1 at 5-6).

Mr. Riley makes a fair point and I note there was dissention from Justices of the Arkansas Supreme Court about the trial court not having a hearing on the Rule 37 petition.[2] *Riley*, 2021 Ark. 70, at 10, 620 S.W.3d at 517.  But both the circuit court and Arkansas Supreme Court's majority opinion cited the discussion from the trial record about which instructions to offer, clearly showing there was never a *refusal* to give an instruction.  Instead, the Defense made a strategic decision to not seek a second-degree murder instruction outright.  (Doc. No. 9-8 at 2-3); *Riley*, 2021 Ark. 70, at 3, 620 S.W.3d at 513.  Accordingly, Mr. Riley's trial counsel did not perform deficiently by failing to request a second-degree murder instruction.  Trial counsel's performance fell within the wide range of reasonable professional assistance, and there is no reasonable probability that the result of the trial would have been different had he requested the instruction.[3]

As a matter of federal law, I am required to apply a deferential analysis to those claims fully adjudicated in state court, as is the case here.  *Davis v. Grandlienard*, 828 F.3d 658, 664 (8th Cir. 2016).  After reviewing the decisions of the Drew County Circuit Court and the Arkansas Supreme Court, I find they are not contrary to, nor an unreasonable application of, an established federal law.  Furthermore, the opinions were not based on an unreasonable determination of the facts.  The state courts addressed the merit of Mr. Riley's ineffective assistance of counsel claim

---

[2] The dissent relied on the holding in *Armstrong v. State*. 2020 Ark. 309, at 9, 607 S.W.3d 491, 498; *Riley*, 2021 Ark. at 10, 620 S.W.3d at 517.

[3] In Mr. Riley's Traverse, he relies on *Hall v. State* to prove prejudice, which held erroneous instructions, unless cured by other instructions, are reversible errors demonstrating prejudice. (Doc. No. 12 at 9); 326 Ark. 318, 933 S.W.2d 363 (1996) (omitting words out of murder offense required for burden of proof).  However, unlike *Hall*, Mr. Riley's jury was not given *erroneous* instructions that misstated the law. (Doc. No. 9-2 at 236, 246-54).

and found that it failed. Therefore, based upon the deference given to the state court, the relief Mr. Riley seeks cannot be granted.

### III. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A court may only issue a certificate of appealability "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). I find Mr. Riley has failed to make a substantial showing that his constitutional rights were violated. Accordingly, no certificate of appealability will issue.

### IV. CONCLUSION

IT IS, THEREFORE, ORDERED that:

1. Mr. Riley's § 2254 Petition for Writ of Habeas Corpus (Doc. No. 1) is DISMISSED with prejudice.

2. A certificate of appealability will not be issued.

SO ORDERED this 25th day of October 2021.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE